UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

APR 21 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

BEN LOUISON,

    Plaintiff,

v.

GREEN TREE SERVICING, LLC,

    Defendant.

CIVIL ACTION

NO. 1:10-CV-2504-RLV

O R D E R

On March 23, 2011, this court granted the defendant's motion to dismiss. In that same order, the court granted the defendant's request for an award of attorney's fees against both the plaintiff and his attorney and directed the defendant to submit affidavits in support of the fees they were awarded.

Prior to the entry of a judgment against either the plaintiff or his attorney, the defendant informed this court that the plaintiff had a pending bankruptcy case and that this bankruptcy had been pending at the time this court entered its March 23, 2011, order. In light of the plaintiff's bankruptcy filing, the defendant withdrew its request for an award of attorney's fees against the plaintiff. However, the defendant stated that it still sought attorney's fees against the plaintiff's attorney for his violations of this court's prior orders.

On April 18, 2011, an attorney, who is the plaintiff's bankruptcy attorney, but not a bankruptcy trustee, filed a pleading entitled, "Notice of Automatic Stay and Suggestion for Review of this Court's Dismissal With Prejudice of March 23, 2011." In this pleading, the attorney asks this court to "consider vacation of its March 23, 2011" order because the plaintiff had a pending bankruptcy at the time this order was entered. According to the plaintiff's bankruptcy attorney, the defendant violated the bankruptcy court's automatic stay by seeking attorney's fees against the plaintiff in its motion to dismiss.

While there is an issue regarding whether the plaintiff's bankruptcy attorney has standing to file any motions on behalf of the plaintiff or the plaintiff's bankruptcy estate in this case, the court notes that no party informed this court that the plaintiff was a party to a bankruptcy prior to the issuance of this court's March 23, 2011, order. Had this court been informed of this fact by either the plaintiff, defendant, or one of the attorneys in this matter, the court would have never entered the March 23, 2011, order. Because the March 23, 2011, order, was entered without full knowledge of the facts underlying this dispute, the court *sua sponte* acts to rectify its error.

Because this court entered the March 23, 2011, without knowledge of the plaintiff's bankruptcy case, this court's order dated March 23, 2011, is VACATED in its entirety and the defendant's motion to dismiss [Doc. No. 15] is DENIED. On or before May 6, 2011, an attorney who has the ability to represent either the plaintiff or the plaintiff's bankruptcy estate is directed to file a notice of appearance in this case.[1] Until such motions are filed with this court, this matter is STAYED.

SO ORDERED, this 21st day of April, 2011.

*[signature]*
ROBERT L. VINING, JR.
Senior United States District Judge

---

[1] In issuing this order, the court notes that it makes no determination whether the defendant violated the automatic stay in this case, whether the plaintiff's claims against the defendant are property of the plaintiff's bankruptcy estate, and who is the proper party to prosecute any claims that the plaintiff or the bankruptcy estate may have against the defendant.