IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| **BEN LOUISON** | **CIVIL ACTION NO.** |
| **V.** | **1:10-CV-2504-RLV** |
| **GREEN TREE SERVICES, LLC** | |

**REPONSE TO SHOW CAUSE ORDER**

**COMES NOW GRADY ROBERTS** in response to this Court's order to show cause as to why he should not be sanctioned pursuant to F.R.C.P. 37.

**ARGUMENT & CITATION OF AUTHORITY**

On August 8, 2011, this Court declined to reinstate its order dismissing Plaintiff's case and granting sanctions against counsel; however, this Court did lift the stay in response to Defendant's July 5, 2011 motion. In that motion, Defendant requested that counsel be sanctioned for because of the "inapplicability of the stay to this case". A party against whom sanctions are being considered is entitled to notice of the legal rule on which the sanctions would be based, the reasons for the sanctions, and the form of the potential sanctions. *In re Tutu Wells Contamination Litigation*, 120 F.3d 368 (3d Cir. 1997). In this matter, Defendant has failed to

request sanction under any applicable rule of law. The Court granted the stay sua sponte, not by motion of this Counsel, thus, absent any specific rule of law, it is improper to sanction counsel accordingly. [1]

While Counsel asserts that ANY sanctions requested previously have been vacated and are moot, counsel will still address the defendant's previous requests for sanctions.

"The sanctions available under Rule 37(b) are predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence. The sanctions are not predicated upon a party's failure to satisfy fully the requirements of a production

---

[1] The American Rule creates a presumption that parties bear their own legal costs, win or lose. Fogerty v. Fantasy, Inc., 510 U.S. 517, 533, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The American Rule's presumption can be further subdivided into two distinct underlying premises: first, that parties bear their own legal fees and second, that parties bear legal fees. Congress is, of course, free to alter either or both of these premises through legislation. See id. However, departures from the American Rule require "explicit statutory authority." See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Servs., 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In other words, if Congress wishes to overcome either premise underlying the American Rule, it must express its intent to do so clearly and directly. This is because the American Rule is a longstanding legal principle, see Key Tronic Corp. v. United States, 511 U.S. 809, 815, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), and one "deeply rooted" in our nation's common law tradition, with origins dating back perhaps as early as 1796. Alyeska Pipeline, 421 U.S. at 271, 249-50, 95 S.Ct. 1612 (citing Arcambel v. Wiseman, 3 U.S. (3 Dall.) 306, 1 L.Ed. 613 (1796)). And "[i]n order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law." United States v. Texas, 507 U.S. 529, 534, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993).
Absent explicit authorization from Congress, it is our duty to keep the American Rule intact. "Congress ha[s] not 'extended any roving authority to the Judiciary to allow counsel fees ... whenever the courts might deem them warranted.' " Buckhannon, 532 U.S. at 610, 121 S.Ct. 1835 (citing Alyeska Pipeline, 421 U.S. at 260, 95 S.Ct. 1612). Because fee-shifting statutes are "in derogation of the common law," courts are obligated to construe them strictly, Rowe v. U.S. Fid. & Guar. Co., 375 F.2d 215, 219 (4th Cir.1967), employing a "presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident," Isbrandtsen Co. v. Johnson, 343 U.S. 779, 783, 72 S.Ct. 1011, 96 L.Ed. 1294 (1952). This means that unless there is at least some indication that Congress intended attorneys to pay under § 1447(c), we will apply the American Rule's presumption that parties pay. In re Crescent City Estates, LLC, 588 F.3d 822, 830-31 (4th Cir. 2009) cert. denied, 130 S. Ct. 3278, 176 L. Ed. 2d 1184 (U.S. 2010)

order when the failure 'was due to inability fostered neither by its own conduct nor by circumstances within its control.' " *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970) (per Wisdom, J.).

Counsel contends that he was not willful and the Court's order was not ignored, but compliance did not occur because of the inability of Counsel to make contact with plaintiff. The cornerstone on which a default for noncompliance with discovery requirements and orders rests is willfulness, bad, faith, or fault; where such is found, and where the party had the ability to comply but failed to do so, default is an appropriate response. *Exact Software North America, Inc. v. Infocon, Inc.*, 479 F. Supp. 2d 702 (N.D. Ohio 2006). Defendant evicted Plaintiff and he became unreachable through mail or phone.

Furthermore, "a claim under state law for the setting aside of a wrongful foreclosure…became property of the estate at the time of the filing of the bankruptcy case. 11 U.S.C. §§ 541 and 1306. If the bankruptcy court does not order otherwise, property of the estate revests in the debtor upon confirmation of the plan. 11 U.S.C. § 1327(b). Here, no plan has been confirmed, so that the claim against the Defendants…remains property of the estate. As a general rule, a Chapter 13 debtor remains in possession of property of the estate. That

circumstance might seem to suggest that the debtor would have the authority to prosecute causes of action in the debtor's name alone.

The statutory scheme dealing with the prosecution of causes of action in a Chapter 13 case is not entirely clear, but it points to a different conclusion. A Chapter 7 trustee's duty to collect and reduce to money the property of the estate under section 704(1) encompasses the power to bring suit on claims, but the Chapter 13 trustee's duties in section 1302(b)(1), which refers to section 704, omits the section 704(1) duty. (The same is true, by the way, of a Chapter 11 trustee. 11 U.S.C. § 1106(a)(1).) A Chapter 13 trustee does, however, have the duty in section 704(2) to "be accountable for all property received," 11 U.S.C. § 1302(b)(1), as does a Chapter 11 trustee, 11 U.S.C. § 1106(a)(1). Significantly, section 323 of the Bankruptcy Code provides that the trustee is the estate's representative with the capacity to sue". In re Davis, 216 B.R. 898, 902 (Bankr. N.D. Ga. 1997). Application for employment of professional must be approved by bankruptcy court before professional renders services for which he or she expects to be compensated. *In re Luchka, Bkrtcy.D.R.I.1993, 152 B.R. 18*. Accordingly, Counsel had no authority to represent Plaintiff and could not reach him to advise him of either the effects of the bankruptcy or any pending deposition dates.

Finally, Rule 37(d)(3) says that the court must require the party failing to act or the attorney advising him  or both to pay the reasonable expenses, including

attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Sanctions against Counsel are inappropriate here because he did not advise Plaintiff to not attend his deposition, nor could he advise him to seek help from his bankruptcy counsel.

For the foregoing reasons, Counselor respectfully requests that the Defendant's request for sanctions be denied.

This the 18th day of August, 2011

/s/Grady Roberts

Bar Number 609540
Attorney for Plaintiff

94 Howell St NE
Atlanta, GA 30312
4047947000 Phone
4047947001 Fax

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**BEN LOUISON**             CIVIL  ACTION NO.

**V.**                      **1:10-CV-2504-RLV**

**GREEN TREE SERVICES, LLC**

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing document was filed and served through the CM/ECF system to all attorneys of record.

This the 18th day of August, 2011.

/s/Grady Roberts

Bar Number 609540
Attorney for Plaintiff

94 Howell St NE
Atlanta, GA 30312
4047947000 Phone
4047947001 Fax