IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  | |
|---|---|---|---|
| BEN LOUISON | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action File No: | |
| | ) | | |
| GREEN TREE SERVICING, LLC | ) | 1:10cv02504-RLV | |
| | ) | | |
| Defendant | ) | | |

**GREEN TREE'S REPLY IN OPPOSITION TO GRADY ROBERT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

COMES NOW Defendant Green Tree Servicing, LLC, ["Green Tree")[and hereby submits its Reply and Opposition to Grady Robert's Response filed on August 18, 2011, [Doc. 31] in further support of its request that monetary sanctions be imposed against Plaintiff's counsel of record, Grady Roberts '["Roberts"], pursuant to Fed. R. Civ. P. 37 and under the Court's inherent powers for Roberts' role in the total and willful failure of Louison and himself to appear Louison's first and second properly noticed depositions, the second of which was ordered by the Court in its order of February 2, 2011, and for failure to file any response to the Court's prior show cause order. [Doc. 13].

I.  **Roberts' Record before Judges of the Northern District of Georgia and the Bankruptcy Court of the Northern District of Georgia Suggests that his Failure to Comply with This Court's Order Was Neither Accidental nor Inadvertent**

Roberts' recent behavior in the federal courts of the Northern District of Georgia has not been such as to inspire confidence in the excuses he belatedly offers for his actions.  In the past twelve months Roberts has been sanctioned by Judges of the Northern District of Georgia and Northern District Bankruptcy Courts on multiple occasions for improper conduct in proceedings, for filing improper actions, for failing to file necessary documents and schedules associated with such cases – and for failing to appear on multiple occasions for hearings and meetings scheduled by opposing counsel, United States Trustees, and the Courts.

Roberts' statement to this Court that he should not be sanctioned because his failure to appear was inadvertent due to his inability to communicate with his client [Doc. 31, pp. 3, 6] rings hollow, at best.  Respectfully, a failure to impose sanctions upon Roberts at this time would tend to countenance his act of thumbing his nose at the Court (as he has done to other judges).  Green Tree asks the Court to exercise its discretion sanction attorneys appearing before the Court, and to impose sanctions upon Roberts.

Within the past year, Roberts has been ordered to disgorge fees by Judge Hagenau twice (7/27/10 and 7/27/10 orders in separate bankruptcy cases, motion

for contempt sanctions remains pending) and was ordered to pay sanctions by Judge Hagenau pursuant to Fed. R. Bankr. Pro. 9011 in a third matter in October 2010[1]. See Exhs. A and B hereto.

More significantly, Roberts was sanctioned multiple times by Judge Batten who, on December 2, 2010, referred him to Chief Judge Julie Carnes and the State Bar for disbarment and disciplinary proceedings.  See Exh. C. Judge Batten's Order granting Rule 11 Sanctions for Roberts' multiple, frivolous removals of state court cases, and awarding in $15,320.01 in attorneys fees as a sanction.

Roberts failed to comply with or respond to sanction orders, and was ordered arrested and held in Contempt of Court by Judge Batten.  Exh. D.  Roberts currently is waiting for a ruling from Judge Batten as to whether he will allow Roberts to post a supersedeas bond to remain free pending his appeal of Judge Batten's sanctions and contempt orders.

While the case before Judge Batten was pending, and while motions for contempt were pending against Roberts, Roberts filed a *pro se* petition for protection under Ch. 13 of the bankruptcy code in an apparent effort to forestall Judge Batten's rulings, and in violation of Judge Hagenau's order that Roberts not

---

[1] Judge Hagenau's order also prohibited Mr. Roberts from filing any further bankruptcy petitions in the Northern District of Georgia until April 2011.

file additional bankruptcy cases. Judge Bihari dismissed Robert's pro se Ch. 13 petition on February 24, 2011. Exh. E.

Green Tree urges the Court to review case records and orders from fellow judges of the Northern District and Northern District Bankruptcy Courts in determining what sanctions to impose upon Roberts in this case. Respectfully, an award Green Tree's legal fees and expenses is appropriate and would be consistant with other sanctions that have been imposed on Roberts.

## II.   Facts Related to the Pending Motion for Sanctions

Plaintiff was the mortgagor in a residential condominium secured loan transaction and Defendant Green Tree was the servicing agent for the mortgag**ee**. Plaintiff was in default and Defendant retained the law firm of McCalla Raymer, which foreclosed on the condominium in April of 2010.

Plaintiff's complaint against Green Tree alleges six counts against Defendant, 1) Promissory Fraud/Fraud in the Inducement, 2) Promissory Estoppel, 3) Laches, 4) Negligent Infliction of Emotional Distress, 5) Intentional Infliction of Emotional Distress and 6) Wrongful Foreclosure. Defendant has denied all claims and attempted for several months to depose the Plaintiff to discover detailed facts

related to his claims.[2]

Green Tree filed its first Motion to Dismiss [Doc. 11] after Plaintiff failed to appear for his properly noticed deposition on Friday January 7, 2010, at 11 am [Doc. 10].

This was in fact Defendant's third attempt to depose the Plaintiff. Plaintiff's deposition had previously been noticed on two occasions, October 28, 2010 [Doc. 7] and December 17, 2010, but was postponed each time by agreement of counsel for the express purpose of allowing the parties to participate in settlement discussions. Significantly, Roberts represented to Green Tree's counsel that he was in communication with Louison (as he was allegedly communicating settlement proposals).

The December 17, 2010, deposition was postponed because as of December 16, 2010, Defendant's counsel had not been able to confer with Roberts to re-confirm the Plaintiff's appearance for his deposition, and rather than go through the exercise of a "no show" deposition, Defendant's counsel agreed to the third rescheduling of the deposition for after the holidays on Friday January 7, 2010.

---

[2] Roberts has filed similar complaints against a variety of other lenders/creditors in the Northern District of Georgia. A copy of the PACER records of Mr. Roberts' other cases is attached hereto as Exh. F.

During the first week in January, defense counsel made multiple efforts to remind Plaintiff of and confirm the deposition, including:

- A letter sent via email on 12/31/10 at 8:57 am
- An e-mail sent on 1/3/11 at 12:09 pm
- A second email sent on 1/4/11 at 10:21 am
- A third email send on 1/4/11 at 2:07 pm
- A forth email sent on 1/5/11 at 11:56 am
- A fifth email sent on 1/6/11 at 1:55 pm

Copies of all email messages sent to Roberts were attached as Exh. 2 to Green Tree's Motion to Strike [Doc. 11].

Then, on January 7, 2011, the day noticed for Plaintiff's deposition, Defendant's counsel Jefferson Allen sent another email Roberts' office at 10:50 and also called Roberts' office at 10:50 at 11:20 am, and each time left voice mail messages with an automatic attendant.

Neither Roberts nor Louison appeared for the noticed deposition or contacted Green Tree's counsel to advise they would not appear. On January 10, 2011, Green Tree filed its first motion to dismiss [Doc. 11]. Plaintiff filed no response to that Motion to Dismiss, which was submitted to the Court on January 31, 2011.

On February 2, 2011, the Court issued an Order [Doc. 13, p. 2] requiring Plaintiff to appear for his deposition on or before February 25, 2011, and warning that "[i]f the plaintiff fails to attend the deposition ordered by the court, *dismissal*

6

*of this case with prejudice would then be appropriate*." *Id.* (Emphasis added). Finally, the Court ordered both Plaintiff and Roberts to show cause within 10 days why "sanctions should not be imposed against them for their failure to comply with the defendant's reasonable discovery requests in this action." [Doc. 13, p. 2]

On February 18, 2011, Green Tree's counsel served yet another Notice to take the deposition of Plaintiff, scheduling the deposition for Wednesday, February 23, 2011, at 11 a.m. at the office of Green Tree's counsel. [Doc. 14] Neither Plaintiff, nor Plaintiff's Counsel appeared for the deposition at that time, and neither Plaintiff nor Plaintiff's counsel provided any explanation, reason or excuse for their failure to appear by telephone, facsimile, email or any other means. See Transcript of Non-Appearance [Doc. 15].

Roberts did not file any response to this Court's show cause order as to why sanctions should not be imposed against him. Much like with Judge Batten, Roberts appears to have intended to flout the authority of the Court.

On March 3, 2011, Green Tree filed its Second Motion to Dismiss and for Sanctions for Defendant [Doc. 15] (and his counsel's) failure to appear for *both* depositions or to obey this Court's orders. On March 23rd, the Court granted the motion, dismissing the complaint with prejudice and awarding sanctions upon proof of amount. [Doc. 17]

7

### III.   Argument and Citation of Authority

For the reasons set forth in its Notice of Withdrawal [Doc. 21, pp. 1-2], Green Tree withdrew its request that the sanction of attorneys fees be imposed upon Louison on April 6, 2011, leaving pending only its motion to dismiss the case with prejudice and its request for an award of legal expenses against Roberts.[3]

Green Tree prays that the Court order Roberts to pay Green Tree's legal fees and expenses incurred in preparing for both the January 7th and the February 23rd depositions pursuant to Fed. R. Civ. P. 37 (b)(2)(C), which provides:

> *Payment of Expenses:* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

See, Lewal, *supra* at *17-19*.  Obviously, neither failure to appear was substantially justified, nor do any other circumstances appear that would make such an award unjust.  Green Tree has submitted affidavits of counsel to support both fee requests Roberts, [Docs. 18, 19 & 20], and Roberts has not challenged the amount of fees requested, so the only issue is whether legal fees should be awarded.

Roberts suggested that fees should not be imposed upon him because non-compliance with this Court's was the result of Roberts' "inability to make contact

---

[3] Green Tree intends to resubmit its motion to dismiss shortly.

with plaintiff." [Doc. 31 p. 3] The Court should reject this excuse.

If Roberts were truly having difficulty communicating with his client, he could have, and should have, advised Green Tree's counsel of such fact. He could have, and should have, responded to Green Tree's counsel's attempts to communicate with him as outlined above.

If Roberts could truly not communicate with his client, the proper course of action would be to notify the Court and move to withdraw pursuant to Local Rule 81.3(e), and the matter could have been held in abeyance until Louison was located.

The fact that Roberts was having difficulty communicating with his client (if true) was no excuse for Roberts' failure to respond to this Court's February 2, 2011, Order [Doc. 13], specifically directing Louison and Roberts to appear for a deposition on or before February 25, 2011, and warning Roberts that the case would be dismissed with prejudice if Louison or his counsel failed to appeal. If Roberts did not in February 2011 excuse his failure to appear because of his inability to communicate with his client, why should that suffice as an excuse in August?

The reason for Green Tree's prayer for monetary sanctions is that the failure to appear, *accompanied by Roberts' failure to notify defense counsel at all in*

*advance that they would not appear,* necessitated Green Tree's incurring the expense of preparing for the deposition of Louison *twice*. As Louison never appeared, and as Roberts had had it within his power to avoid that expense, it is only fair that he pay for that unnecessary expense. Roberts' alleged difficulty in communicating with his client did not justify his failure to respond to this Court's show cause order, entered on February 2, 2011, ordering Roberts to explain why sanctions should not be imposed upon Plaintiff for failure to appear at his properly noticed depositions. Why did Roberts not *then* simply file something with this Court explaining his difficulty in communicating with his client? Such response would likely have been sufficient to allay the concerns of all involved (or at least to keep Green Tree's counsel from incurring additional costs in filing additional motions to compel). Instead, he was just incommunicado from late 2010 until now, when the damage has already been done.

The only reasonable conclusion is *not* that Roberts could not communicate with his client because Louison had disappeared, but that Roberts for reasons of his own chose to disregard this Court's orders and his obligation as an officer on the court to opposing counsel. He does *not* say that his telephones or emails were not working or that he otherwise was unable to notify defense counsel. Instead, Roberts suggests, obliquely and irrelevantly, that he could not advise Louison "to

seek help from his bankruptcy counsel." [Doc. 31, p. 6]. That response begs the question, when did Roberts know that Louison had filed for Bankruptcy? Was it before April 6 (when Green Tree's Counsel advised the Court of Louison's Ch. 13 filing)? If it was, why had Roberts not advised this Court or counsel for Green Tree of the bankruptcy before that? Roberts actually seems to suggest he knew about the Bankruptcy *before* Green Tree's counsel noticed Louison's depositions: "Counsel had no authority to represent Plaintiff and could not reach him to advise him of either the effects of the bankruptcy or any pending deposition dates." [Doc. 31, p. 4). If he did have notice, why would he keep it a secret?

    This statement by Roberts simply makes no sense. If Roberts knew that Louison had filed for bankruptcy, he would have known that Marilyn Bright was representing Louison in that matter, as bankruptcy filings are a matter of public record on the PACER system, and as noted above, Roberts had served as attorney for several debtors in the Northern District of Georgia in 2010 [Exh. H PACER record of bankruptcy cases involving Roberts as attorney for debtor]. Certainly, as an officer of the Court, if Roberts had knowledge of a bankruptcy filing he had a duty to notify this Court if it was relevant. If Lousion's bankruptcy filing served as an excuse or justification for his non-appearance at properly noticed depositions, why would Roberts not advise this Court of that fact in February 2011 in response

11

to this Court's show cause order?

Roberts' claims that he could not reach Louison, or that he could not do anything because of the bankruptcy, are flimsy, after-the-fact concoctions that do not provide any justification or excuse for his failure to (a) notify counsel for Green Tree that he would not appear for either noticed deposition, (b) notify counsel for Green Tree that he was having difficulty communicating with his client,( c) notify this Court that he was having difficulty communicating with this Court, (d) file a response to this Court's February 2, 2011, show cause order, or (e) move to withdraw from the case due to his alleged inability to communicate with the his client.

## IV.   Conclusion

This Court has discretion and authority impose an award of legal fees and expenses against Roberts pursuant to the Federal Rules and its inherent authority as a sanction for his willful discovery misbehavior and failure to comply with orders of this Court.  Roberts' conduct before this and various other District and Bankruptcy Courts has demonstrated that the only sanction that has apparent effect upon him is an award of monetary sanctions, possibly coupled with contempt and its consequences.

Respectfully submitted this the 1st day of September 2011.

        Respectfully submitted,

        */s/ Douglas N. Campbell*

        Douglas N. Campbell, Esq.
        GA Bar No. 106250

Douglas Campbell & Associates, PC
4776 East Conway Drive, N.W.
Atlanta, GA 30327
Tel. 404 943 1354; Fax 404 256 0423

        */s/ Jefferson M. Allen*

        Jefferson M. Allen
        GA Bar No. 010898
        Lawyers for Defendant

Cohen Cooper Estep & Allen LLC
3330 Cumberland Boulevard, Suite 600
Atlanta, Georgia 30339
Tel. 404 814 0000; Fax 404 816 8900
Email:  jallen@cceawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2011 I served **GREEN TREE'S REPLY IN OPPOSITION TO GRADY ROBERT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** with the Clerk of the Court using the CM/ECF system which will send notification to and serve a copy of such filing on the following attorneys of record:

> Grady A. Roberts, Esq.
> ROBERTS LAW, LLC
> 191 Peachtree Street, N.E., Suite 3300
> Atlanta, Georgia 30303
> groberts@robertslawllc.com

This 1st day of September, 2011.

>> */s/ Jefferson M. Allen*
>>
>> Jefferson M. Allen
>> GA Bar No. 010898
>> Lawyers for Defendant

Cohen Cooper Estep & Allen LLC
3330 Cumberland Boulevard, Suite 600
Atlanta, Georgia 30339
Tel. 404 814 0000;
Fax 404 816 8900
Email:  jallen@ccealaw.com